UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Howard Brooks, | ) C/A No.  8:13-1241-MGL-JDA |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Greenwood County Detention Center; Greenwood County Sheriff's Office; Officer Smith; Capt. Sharon Middleton, | ) |
| Defendants. | ) |

Plaintiff, a detainee at Greenwood County Detention Center in Greenwood, South Carolina, files this case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d

1147 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concludes that the Complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Plaintiff is detained in Greenwood County Detention Center on child support contempt charges. ECF No. 1 at 3. On February 12, 2013, while detained, Defendant Officer Smith served Plaintiff with notice that an additional custodial parent had filed a claim against him for child support. *Id.* Plaintiff requested a DNA test to establish paternity, and was told the test would take place on February 14, 2013. He claims the deputy (it is not clear if he means Defendant Smith) stated he would transport Plaintiff to the court to have the test done, but that the deputy and jail employees failed to transport him. *Id.* He has now been told that family court has waived his right to a DNA test, and that he owes the additional child support. ECF No. 1 at 4. He wants to be compensated for his distress, and asks this Court to instruct Defendants "never to do any other plaintiffs in such ways." ECF No. 1 at 5.

The Complaint filed in this case is subject to summary dismissal under the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[1], as Plaintiff has failed to state a claim for relief under § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has alleged no facts that allow the Court to conclude that a constitutional right has been violated.  As he has alleged no constitutional deprivation, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Rather, Plaintiff complains of the outcome of litigation in state family court, and incidents that he alleges led to that outcome.  The relief he seeks then can only be pursued in state court, and not federal district court.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), in which the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

Supreme Court under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine.

In *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846 (4th Cir. 2001), the Fourth Circuit noted that:

> [t]he *Rooker-Feldman* doctrine holds that 'lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions.' *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir.1997). *See also D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86 (1983). The *Rooker-Feldman* doctrine precludes 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.' *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir.1997). The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.' *Plyler*, 129 F.3d at 731 (4th Cir.1997)(internal quotation marks omitted). A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.' *Id*. (internal quotation marks omitted).

*Safety-Kleen, Inc.*, 274 F.3d at 857-58.

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The Rooker- Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id*. at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself").

4

In this instance, Plaintiff seeks redress for the family court's decisions to deny him a DNA test and to require him to pay child support. He implicitly challenges the ruling made by the state family court judge, and explicitly challenges preliminary matters that took place prior to his appearance including, but not limited to, Defendants' failure to provide him with transportation to court for a DNA test, the family court decision that he had waived his right to a DNA test, and the decision that he would be required to pay child support. These issues directly impact the family court proceedings. Thus, Plaintiff's remedy, if any, is an appeal to the proper state tribunal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin  
United States Magistrate Judge

May 22, 2013  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).